Chicago and North Western Railway Company, Appellee, v. Sun-Ripe Products, Inc., Appellant.

Gen. No. 43,924.

Opinion filed February 3, 1947. Rehearing denied February 17, 1947. Released for publication February 17, 1947.

GEORGE J. HADDAD, of Chicago, for appellant.

NYE F. MOREHOUSE and JAMES B. O'SHAUGHNESSY, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff sued defendant for unpaid freight charges on three cars of prunes shipped from Morgan Hill, California, to Chicago. A trial without a jury resulted in a judgment for plaintiff for $579.47, from which defendant appeals.

The facts presented for our review are contained in an agreed statement of facts in lieu of a report of proceedings, from which it appears that Arthur E. Durst Brokerage Company were brokers in Chicago. Paragraph 9 of the agreed statement of facts recites the following: "Prior to the shipment of the cars of prunes mentioned in paragraph 4 of the Stipulation above described, the defendant purchased said cars

through Arthur E. Durst Brokerage Company from Consumers Food Products Company of California." Durst Brokerage Company placed the order with the Consumers Food Products Company of California, who on December 2 and December 31, 1942, and January 29, 1943, caused these cars of prunes to be forwarded from California to Chicago by the plaintiff carrier. Original uniform bills of lading, covering each shipment, named the consignor also as the consignee, and were attached in each instance to a sight draft to cover the amount of the purchase, plaintiff to collect the freight charges at the time of delivery. With each shipment, defendant was recorded as the party to be notified of the arrival of the shipment and the bill of lading with draft attached. The sight drafts, with bills of lading, were forwarded to a Chicago bank, who in turn notified defendant. Defendant was unable to honor the drafts when they arrived and pick up the bills of lading covering the respective cars. Defendant made arrangements with Durst, by which Durst paid the sight drafts, received possession of the bills of lading covering the cars, paid the freight demanded on the cars, and placed the merchandise in storage in a Chicago warehouse, to be released to defendant whenever defendant was able to pay for it. From time to time defendant paid for portions of the various shipments and received the merchandise from the warehouse, paying at the time the purchase price and the pro rata amount of freight charges and warehouse fees and interest on the amounts paid by Durst. Ultimately, under this arrangement, defendant received all of the merchandise stored in the warehouse.

The claim for freight charges by plaintiff arises out of the fact that the freight was originally billed and collected at the rate of $1.28 per hundred pounds instead of $1.52 per hundred pounds. The latter rate applied to dried prunes in sacks or bags. The other rate applied to dried prunes in wooden containers,

packed in fiber board boxes, strapped but not sealed. By mistake, the rate clerk had given Durst the $1.28 rate for prunes in sacks or bags instead of the $1.52 rate. When it was later discovered that the higher rate applied to prunes in sacks or bags, defendant instructed Durst to have subsequent shipments made in boxes in order to get the benefit of the lower rate. Plaintiff billed Durst for the correct charges on the cars, which Durst refused to pay, and plaintiff then demanded payment of defendant. Upon its refusal to pay, this action was brought.

As we view this record, and both sides agree, if Durst was merely the agent of defendant, then defendant would be liable for these freight charges in question, even though defendant was not named as consignee. The acceptance of the shipment by Durst in such capacity would be regarded as the acceptance by defendant. *Dare v. New York Cent. R. Co.*, 20 F. (2d) 379; *Farrar v. Perkins*, 122 Kan. 141, 251 Pac. 440; *Pittsburgh, C., C. & St. L. Ry. Co. v. Fink*, 250 U. S. 577.

The contention of defendant that it purchased the prunes from Durst and not the consignor, because the merchandise was delivered to Durst, who had paid the freight charges and taken up the bills of lading, is without merit in the light of the language of paragraph 9 of the agreed statement of facts, already quoted. There is in that paragraph the clear admission that defendant purchased said cars through Durst from Consumers Food Products Company of California. It excludes the theory that defendant bought it from anyone else. Therefore, when the cars arrived, the shipment belonged to defendant as the purchaser. Whatever Durst did in taking up the bills of lading and receiving the shipments, it did on behalf of defendant. If defendant considered Durst liable for these charges instead of itself, under rule 25 of the municipal court, it could have had Durst made a

party defendant and brought them in as a third party, under the third party procedure provided for in said rule. This it did not do. It could have had this question of liability for these freight charges, as between itself and Durst, adjudicated in this suit.

We believe the judgment of the municipal court was correct and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.